**HABIT MANAGEMENT, INC., Plaintiff,**

v.

**CITY OF LYNN, Defendant.**

No. CIV.A.02–11238–PBS.

United States District Court,
D. Massachusetts.

Nov. 19, 2002.

John C. Mihos, Lynn, MA, for Plaintiff.

George S. Markopoulos, City Solicitor's Office, Lynn, MA, for Defendant.

## MEMORANDUM AND ORDER

SARIS, District Judge.

Plaintiff Habit Management Inc. ("Habit") runs a treatment program for individuals with alcohol and drug problems. Relying on a zoning ordinance it passed on March 27, 2001, the City of Lynn, Massachusetts rejected Habit's application for a permit to locate a methadone clinic in a building in a heavy industrial zone. Plaintiff contends that the zoning ordinance, which effectively precludes any methadone clinics in the city, violates Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131–12165 (1994). After hearing, I *ALLOW* plaintiff's motion for summary judgment that the zoning ordinance violates the ADA and is therefore invalid and unenforceable.

## UNDISPUTED FACTS

On March 27, 2001, the City of Lynn adopted a new ordinance regulating methadone clinics, which contains the following relevant provision:

> It is hereby prohibited for any Methadone Treatment Center, Clinic, Facility, Service Center and/or any similar type program (hereinafter Methadone Clinic) that dispenses, prescribes, administers, allocates, delivers, hands out, or uses in any way, methadone or any synthetic version of the same or similar type drug from operating and/or locating within two (2) miles of a public school, private school, parochial school or a Commonwealth of Massachusetts approved Charter School which is located within the City of Lynn boundaries. The distance

between any school, as herein described, and a proposed Methadone Clinic will be determined by the City of Lynn Law Department.

As a result of this ordinance, methadone clinics are effectively prohibited from operating in the City of Lynn, because every location is within two miles of a school. The Zoning Ordinance of the City of Lynn allows other clinics as of right in a Business Zone, and by special permit of the City Council in Industrial Zones.

Plaintiff provides methadone maintenance services to individuals with opiate addiction in conjunction with counseling and therapy. On May 16, 2002, plaintiff applied to the Building Department of the City of Lynn to approve a petition to the Lynn City Council for permission to locate a methadone clinic at 41 Carolyn (Chester Street) Road, a building located in a Heavy Industrial District. Based on the two mile ordinance, the Building Commissioner rejected the application. Any other medical clinic would have been allowed to apply to the Lynn City Council for permission to locate a medical clinic on the proposed site.

## DISCUSSION

Title II of the ADA provides:

[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (1994).

Three courts of appeals have held that the anti-discrimination provision of the ADA proscribes zoning decisions by a city that discriminate against drug and alcohol rehabilitation programs, the clients of which are "qualified individuals with a disability." *See MX Group, Inc. v. City of*

*Covington*, 293 F.3d 326, 344 (6th Cir.2002) ("[T]he blanket prohibition of all methadone clinics from the entire city is discriminatory on its face."); *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 730–37 (9th Cir. 1999) (holding that the ADA applied to zoning ordinance barring methadone clinics within 500 feet of residential areas); *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 44–49 (2d Cir. 1997) (holding that the ADA applies to zoning decisions involving drug and alcohol rehabilitation center).

Here, the undisputed evidence is that plaintiff has been denied the benefit of having the city make a zoning decision without regard to the disabilities of its clients, recovering drug addicts, who Lynn concedes are "qualified persons with disabilities" within the meaning of the ADA. There is no showing that the placement of methadone clinics in industrial or business zones poses any significant risk to the health and safety of the community even when within two miles of a school.

## ORDER

The Court orders entry of judgment in favor of plaintiff declaring the City of Lynn's March 27, 2001 methadone clinic zoning ordinance invalid on its face under the Americans with Disabilities Act.